UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

DONNIE NEELY )
)
)
PLAINTIFF )
v. )
CRACKER BARREL OLD COUNTRY STORE, INC. )
Serve: CT Corporation System )
     306 W Main St., Suite 512 )
     Frankfort, KY 40601 )
)
DEFENDANT )

## COMPLAINT

\*\*\*\*\*\*\* \*\*\*\*\*\*\* \*\*\*\*\*\*\*

For his complaint herein, the Plaintiff states:

1. The Plaintiff resides in Harlan County in the Commonwealth of Kentucky.

2. The Defendant, Cracker Barrel Old Country Store, Inc. (hereinafter "Cracker Barrel") owns and operates its business in the Commonwealth of Kentucky including but not limited to two (2) restaurants, one in Middlesboro, Kentucky and one in Corbin, Kentucky.

3. The Defendant employed Plaintiff from 2012 up until October 2017.

4. Plaintiff's work performed pursuant to his employment with Defendants was primarily in Middlesboro, Kentucky and partly in Corbin, Kentucky and all the acts or practices complained of herein occurred within the Commonwealth of Kentucky. Venue is proper under 28 U.S.C. 1391.

5. This action arises out of Plaintiff's employment with Defendants and Defendants' violations of chapter 344 of the Kentucky Revised Statutes *et seq.* "Kentucky Civil Rights Act" (hereinafter "KCRA"), 42 U.S.C. 12101 *et seq.*

"Americans with Disabilities Act," (hereinafter "ADA"), and chapter 29 of the United States Code at section 2611 *et seq.* "Family and Medical Leave Act" (hereinafter "FMLA"). Jurisdiction is proper under 28 U.S.C. 1331 and 28 U.S.C. 1367.

## FACTS

6. At the times relevant hereto Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. At all times relevant hereto Defendant was an employer under the KCRA, ADA, and FMLA.

7. At the times relevant hereto Donnie Neely had been employed for at least 12 months by Defendant and for at least 1,250 hours of service with Defendant in the previous 12 month period.

8. At all times relevant hereto, Plaintiff Donnie Neely is an otherwise qualified individual with a disability.

9. On or around 2013 Plaintiff Donnie Neely's son underwent surgery for epilepsy.

10. Donnie Neely was hired by Defendants on or around 2012 as Associate Manager.

11. On or around 2015 Defendant promoted Plaintiff Donnie Neely to General Manager.

12. On or around June 2017 Donnie Neely took a leave of absence to receive treatment for the above-referenced disability and/or impairment(s), including but not limited to matters related to a hernia.

13. On or around June 2017 Donnie Neely took a leave of absence to receive treatment for his own serious health condition, including but not limited to matters related to a hernia.

14. On or around July 2017 Donnie Neely returned to work.

15. Defendant was aware of the Plaintiff's son's surgery referenced in paragraph 9 above and was likewise aware that Plaintiff Donnie Neely's son would require a second surgery in the future.

16. On or around July 2017 Plaintiff Donnie Neely learned his son would soon be scheduled to have the second surgery and notified Defendant, without mentioning a precise date.

17. On or around June and July 2017 Defendant notified Plaintiff Donnie Neely he may be placed on a performance improvement plan and asked to step down to a lower ranking management position.

18. On or around August 2017 Defendant placed Plaintiff Donnie Neely on a performance improvement plan, which provided until the end of October 2017 to deliver stated expected results.

19. On or around October 10, 2017 Defendant demoted Plaintiff Donnie Neely to a lower ranking and lower paying management position, Associate Manager.

20. On or around October 10, 2017 Defendant transferred Plaintiff Donnie Neely to the Corbin, Kentucky store, which is over 50 miles from Middlesboro.

21. On or around October 31, 2017 Plaintiff Donnie Neely was unable to tolerate the working conditions any longer, including but not limited to the

economics of the lower pay as Associate Manager and the longer driving hours away from his family, and he was forced to resign.

22. On or around October 31, 2017 Plaintiff Donnie Neely left employment with Defendant to accept a position with another restaurant where the hours worked plus travel time would approximate the hours worked and travel time associated with employment at the Cracker Barrel store in Middlesboro, Kentucky.

23. On or about August 24, 2018, Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission, authorizing claims under the ADA.

## COUNT I

24. Defendant failed to restore Plaintiff Donnie Neely to his former position upon his return from leave in violation of the FMLA

25. As a result of the above-described violations, Plaintiff Donnie Neely is entitled to actual damages, including but not limited to backpay, frontpay, and his attorney's fees.

## COUNT II

26. Defendants violated the KCRA and discriminated against Plaintiff Neely.

27. Defendants failed to reasonably accommodate Plaintiff Donnie Neely.

28. Defendants failed to engage in the interactive process to reasonably accommodate Plaintiff Donnie Neely.

29. Defendants retaliated against Plaintiff Donnie Neely in violation of the KCRA for exercising his protected right to seek reasonable accommodation.

30. Defendants retaliated against Plaintiff Donnie Neely in violation of the KCRA because he opposed their unlawful practice of discriminating against him as described herein.

31. As a result of the above-described violations, Plaintiff Donnie Neely is entitled to actual damages, including but not limited to backpay, frontpay, emotional distress, humiliation and mental anguish, and his attorney's fees.

### COUNT III

32. Defendants' conduct as described herein amounted to a false representation or concealment of material facts or at least was calculated to convey the impression that circumstances were in a particular state that was inconsistent with Defendants' subsequently asserted position which was that it would not accommodate Plaintiff Donnie Neely and/or restore him to his former position at the conclusion of his leave of absence but instead terminated him.

33. Defendants in and/or through its conduct as described herein intended or reasonably expected its conduct to influence Plaintiff Donnie Neely to act.

34. At times relevant hereto Defendants had actual or constructive knowledge of the true facts or its subsequent position regarding Plaintiff Donnie Neely's request for reasonable accommodation and/or request for leave of absence.

35. Plaintiff Donnie Neely lacked knowledge and/or the means of knowledge of the fact that Defendants intended to subject him to an adverse employment action.

36. Plaintiff Donnie Neely relied in good faith upon Defendants' representation(s), conduct and/or words that, Plaintiff Donnie Neely would be offered reasonable accommodation and/or restored to his former position upon the conclusion of his leave of absence.

37. As a result of the above-stated reliance, Plaintiff Donnie Neely suffered a detrimental change in position that he suffered an adverse employment action.

38. Defendants are estopped from denying Plaintiff Donnie Neely reasonable accommodation and/or approving his leave of absence.

39. Defendants are estopped from arguing and/or alleging that Plaintiff Donnie Neely is not otherwise qualified with or without reasonable accommodation.

## COUNT IV

40. Defendants unlawfully violated the FMLA and interfered with Plaintiff's FMLA rights including but not limited to, by subjecting Donnie Neely to an adverse employment action and/or termination from employment with Defendants, due to attendance issues and/or absenteeism which were necessitated by an FMLA-qualifying reasons arising from his serious medical condition.

41. As a result of the unlawful acts of Defendants, Plaintiff, Donnie Neely has suffered FMLA damages, including but not limited to lost wages, salary, employment benefits and any and all other compensation denied or lost and interest at the prevailing rate.

## COUNT V

42. Defendant discriminated against Plaintiff Donnie Neely for exercising his rights under the FMLA by subjecting him to an adverse employment action upon returning to work and upon learning he would require additional leave of absence to care for his child who had a serious medical condition.

43. As a result of the above-referenced discrimination, Plaintiff Donnie Neely is entitled to damages, including but not limited to any wages, salary, employment benefits, and/or other compensation denied or lost and interest at the prevailing rate.

## COUNT VI

44. Defendants notified Donnie Neely, upon his request for leave concerning his serious medical condition that his absences would be excused and he would be entitled to all rights under the FMLA including restoration to his former position.

45. Defendants' conduct as described herein amounted to a false representation or concealment of material facts or at least was calculated to convey the impression that circumstances were in a particular state that was inconsistent with Defendants' subsequently asserted position which was that Defendants would subject Donnie Neely to an adverse employment action upon his return to work.

46. Defendants in and/or through its conduct as described herein intended or reasonably expected its conduct to influence Donnie Neely to act by remaining absent from work.

47. At times relevant hereto Defendants had actual or constructive knowledge of the true facts or its subsequent position regarding Donnie Neely's FMLA leave.

48. Plaintiff Donnie Neely lacked knowledge and/or the means of knowledge of the fact that Defendants intended to subject him to an adverse employment action upon his return to work.

49. Plaintiff Donnie Neely relied in good faith upon Defendants' representation(s) conduct and/or words that, Donnie Neely would be restored to his former position upon his return from the leave of absence.

50. As a result of the above-stated reliance, Donnie Neely suffered a detrimental change in position that he was demoted upon returning to work from his FMLA leave of absence.

51. Defendants are estopped from denying Plaintiff Donnie Neely's FMLA leave and should have restored him to his former position.

52. As a result of his reliance on Defendants' representations, Donnie Neely took his leave of absence and was demoted upon returning to work and as a result is entitled to FMLA damages, including but not limited to any wages, salary, employment benefits, and/or other compensation denied or lost and interest at the prevailing rate.

## COUNT VII

53. The actions of Defendant, including but not limited to those described herein, were not in good faith.

54. Defendant lacked reasonable grounds for believing that its actions, including but not limited to those described herein, were not in violation of the FMLA.

55. As a result, Plaintiff Donnie Neely, is entitled to liquidated damages equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost and interest at the prevailing rate.

## COUNT VIII

56. Defendants violated the ADA and discriminated against Plaintiff Neely based on his disability.

57. Defendants failed to reasonably accommodate Plaintiff Donnie Neely.

58. Defendants failed to engage in the interactive process to reasonably accommodate Plaintiff Donnie Neely.

59. Defendants retaliated against Plaintiff Donnie Neely in violation of the ADA for exercising his protected right to seek reasonable accommodation.

60. Defendants retaliated against Plaintiff Donnie Neely in violation of the ADA because he opposed their unlawful practice of discriminating against him as described herein.

61. As a result of the above-described violations, Plaintiff Donnie Neely is entitled to actual damages, including but not limited to backpay, frontpay, emotional distress, humiliation and mental anguish, and his attorney's fees.

62. As a result of the above-described violations, Plaintiff Donnie Neely is entitled to punitive damages.

## COUNT X

63. As a result of the unlawful acts of the Defendant, Plaintiff Donnie Neely has incurred attorney's fees and costs.

## VERIFICATION

Donnie Neely, bring first duly sworn and cautioned, states that she has read the foregoing Complaint and it is true and accurate to the best of her knowledge.

*Donnie Neely*
DONNIE NEELY

STATE OF KENTUCKY
COUNTY OF_____

Subscribed and sworn to before me this 7th day of September 2018.

Notary Public, State at Large/ No. #548950

My Commission expires: 02/06/2020

WHEREFORE, the Plaintiff, Donnie Neely, demands:

1. Judgment against Defendants for compensatory and actual damages,

2. Interest on the amount awarded for compensatory and actual damages,

3. Liquidated damages equal to the sum of the amount of compensatory and actual damages and the interest on the amount of compensatory and actual damages,

4. Punitive damages

5. Attorney fees and costs of litigation,

6. Judgment against Defendants for appropriate equitable or other relief, including any other relief tailored to the harm suffered,

7. A trial by jury,

8. Judgment against Defendants for court costs herein expended, and

9. Any and all other relief to which he may appear to be entitled.

                                  Respectfully submitted,

By: /s/ Jason Thompson
JASON D. THOMPSON, ESQ.
JOSEPH L. ROSENBAUM, ESQ.
ROSENBAUM & THOMPSON PLLC
201 West Short Street, 300B
Lexington, KY 40507
859-259-1321
859-259-1324 (fax)
jt@rtkylaw.com
ATTORNEYS FOR PLAINTIFF